SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ORI KATZ, SBN 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      415.434.9100
Facsimile:      415.434.3947
E mail:          okatz@sheppardmullin.com

JENNIFER L. NASSIRI, SBN 209796
ALEXANDRIA G. LATTNER, SBN 314855
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
E-mail:          jnassiri@sheppardmullin.com
                 alattner@sheppardmullin.com

*Counsel to DI Overnite, LLC*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>DI OVERNITE LLC a Nevada limited liability company,<br><br>*Alleged Debtor and Debtor in Possession.* | Involuntary Case No.: 8:25-bk-10446-TA<br><br>Chapter 7 Case<br><br>**DI OVERNITE, LLC'S ANSWER OBJECTING TO INVOLUNTARY PETITION**<br><br>Status Conference<br>Date:      April 8, 2025<br>Time:      11:00 a.m.<br>Place:      Courtroom 5B or Via ZoomGov<br>             411 West Fourth Street<br>             Santa Ana, CA 92901 |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE PETITIONING CREDITORS AND THEIR COUNSEL, AND ALL INTERESTED PARTIES:**

DI Overnite, LLC (the "Alleged Debtor" or "DI Overnite"), hereby answers and objects to the summons issued in connection with the involuntary Chapter 7 bankruptcy petition (the "Involuntary Petition") filed by Black Widow Holdings, LLLP ("Black Widow"), Mike Martin, and Love Inc. ("Love," and together with Black Widow and Mike Martin, the "Petitioning Creditors"), purported creditors of Alleged Debtor, through its undersigned attorneys, as and for its response to the involuntary petition filed on or around February 21, 2025, and amended on February 25, 2025 [ECF No. 5] and responds as follows:

## INTRODUCTION

DI Overnite is a logistics company specializing in last-mile delivery solutions. The company emphasizes value-driven, performance-focused logistics services, offering custom last-mile capabilities, technology-enabled efficiency, and a commitment to unmatched service and value. The Alleged Debtor has over 700 employees and contractors working to ensure that roughly 40,000 packages per day are timely delivered on behalf of dozens of customers and tens of thousands of package recipients.

The filing of the Involuntary Petition has significantly disrupted operations, severely damaging the company's reputation and undermining its ability to continue providing reliable service. With each passing day that the case remains active, the harm to DI Overnite's brand reputation and operational stability intensifies, posing an ongoing threat to its business viability. In answer to the Involuntary Petition, DI Overnite opposes the Involuntary Petition on the following grounds: (i) the Alleged Debtor denies that Petitioning Creditors are eligible to file the Involuntary Petition pursuant to 11 U.S.C. § 303(b); (ii) the Alleged Debtor denies the allegation that debts purportedly owed to Petitioning Creditors are not the subject of bona fide disputes as to liability and  amount; (iii) the Alleged Debtor denies the allegation that it is generally not paying its debts as they become due; and (iv) the Alleged Debtor admits that it is an entity against whom an order for relief may be entered under Title 11 of the United States Code, but denies that the

1    Involuntary Petition is proper.  For these reasons, the Involuntary Petition should be dismissed and

2    an order for relief should not be entered.

3

4    ### ANSWER TO INVOLUNTARY PETITION

5    1.    DI Overnite admits that Petitioning Creditors purport to file the Involuntary Petition

6    under Chapter 7 of the United States Bankruptcy Code, but avers that the Involuntary Petition does

7    not meet the requirement of 11 U.S.C. § 303 and that it was wrongfully filed in bad faith.

8    2.    Denies the allegation contained in Paragraph "2."  DI Overnite avers that the legal

9    name of the Alleged Debtor is DI Overnite, LLC, a Nevada limited liability company. DI Overnite

10   reserves all rights with respect hereto, including the right to assert and pursue legal remedies for the

11   Petitioning Creditors failure to file an involuntary bankruptcy against DI Overnite due to naming

12   the wrong legal entity.

13   3.    Denies each and every allegation contained in Paragraph "3" of the Involuntary

14   Petition as the entity names listed in Paragraph "3" are incorrect and could be referring to separate

15   legal entities.

16   4.    Denies each and every allegation contained in Paragraph "4" of the Involuntary

17   Petition.

18   5.    Denies the allegation contained in Paragraph "5" of the Involuntary Petition in part.

19   The Alleged Debtor's address is 1900 S. State College, Blvd., #450, Anaheim, CA 92806.

20   6.    Admits that DI Overnite's website is www.deliver-it.com.

21   7.    Admits the allegation contained in Paragraph "7" of the Involuntary Petition.

22   8.    Admits the allegation contained in Paragraph "8" of the Involuntary Petition.

23   9.    Admits the allegation contained in Paragraph "9" of the Involuntary Petition.

24   10.   Admits the allegation contained in Paragraph "10" of the Involuntary Petition.

25   11.   Denies each and every allegation contained in Paragraph "11" of the Involuntary

26   Petition.

27

28

12.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12" of the Involuntary Petition, and on that basis denies each and every allegation contained in Paragraph "12" of the Involuntary Petition.

13.     Denies the validity of claims asserted by the Petitioning Creditors identified in Paragraph "13" of the Involuntary Petition, including the attached statement of claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and first affirmative defense, the Involuntary Petition fails to identify three undisputed creditors who are owed funds as alleged in the Involuntary Petition.

### SECOND AFFIRMATIVE DEFENSE

As a separate and second affirmative defense, DI Overnite is generally paying its debts as they come due.

### THIRD AFFIRMATIVE DEFENSE

As a separate and third affirmative defense, claims identified in the Involuntary Petition and allegedly held by the Petitioning Creditors are contingent as to liability.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and fourth affirmative defense, claims identified in the Involuntary Petition and allegedly held by the Petitioning Creditors are subject to bona fide dispute.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and fifth affirmative defense, the Alleged Debtor asserts that the Involuntary Petition was filed in bad faith.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and sixth affirmative defense to the Involuntary Petition, and to the purported basis for an involuntary bankruptcy set forth therein, the Alleged Debtor alleges that the Involuntary Petition fails to state facts sufficient to support an involuntary bankruptcy.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and seventh affirmative defense to the Involuntary Petition, the Alleged Debtor alleges that Petitioning Creditors lack standing to be petitioning creditors under 11 U.S.C. § 303(b).

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and eighth affirmative defense to the Involuntary Petition, Alleged Debtor alleges that by virtue of the acts of the Petitioning Creditors and/or the entities acting on Petitioning Creditors' behalf, the Alleged Debtor has been damaged in an amount equal to or greater than the amount of debt, if any, to which Petitioning Creditors might be owed. As a result, Alleged Debtor is entitled to an offset against any sums found owing to the Petitioning Creditors.

## NINTH AFFIRMATIVE DEFENSE

As a separate and ninth affirmative defense, the Alleged Debtor asserts Satisfaction and Accord.

## TENTH AFFIRMATIVE DEFENSE

As a separate and tenth affirmative defense, the Alleged Debtor asserts that the interests of creditors and the alleged debtor are better served by dismissal.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and eleventh affirmative defense, the Alleged Debtor asserts that the Involuntary Petition should be dismissed because the Petitioning Creditors are abusing the provisions of the Bankruptcy Code by filing and continuing to prosecute the Involuntary Petition.

## RESERVATION OF RIGHTS

DI Overnite, LLC reserves the right to move to dismiss the Petition, pursuant to Fed. R. Bank. P. 1011 and Fed. R. Civ. P. 12(c), to seek the imposition of costs, attorneys' fees, damages caused by the filing of the Petition, and/or punitive damages against the Petitioners and to assert any other claim or defense available to it.

1    **WHEREFORE**, the Alleged Debtor respectfully prays as follows:

2    A.    The Involuntary Petition be dismissed;

3    B.    That the Alleged Debtor be awarded its costs pursuant to 11 U.S.C. § 303(i);

4    C.    That Alleged Debtor be awarded its reasonable attorneys' fees incurred herein

5    pursuant to 11 U.S.C. § 303(i);

6    D.    That Alleged Debtor be awarded judgment against Petitioning Creditors in the

7    amount of any damages proximately caused by the filing of the Involuntary Petition pursuant to 11

8    U.S.C. § 303(i); and

9    E.    That Alleged Debtor be awarded punitive damages against Petitioning Creditors

10   pursuant to 11 U.S.C. § 303(i)(2).

11

12   Dated: March 19, 2025

13                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15

16   By    _____
                        /s/ Jennifer L. Nassiri
                        ORI KATZ
17                      JENNIFER L. NASSIRI
                        ALEXANDRIA G. LATTNER
18
                        *Attorneys for DI Overnite LLC*
19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: My business address is 350 S. Grand Avenue, 40th Fl, Los Angeles, CA 90071-3460.

A true and correct copy of the foregoing document entitled (*specify*): **DI OVERNITE LLC'S ANSWER OBJECTING TO INVOLUNTARY PETITION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>March 19, 2025</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Kimberly Ross Clayson**    kclayson@taftlaw.com, ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com
- **Marc C Forsythe**    mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
- **Ori Katz**    okatz@sheppardmullin.com, lsegura@sheppardmullin.com
- **Alexandria Lattner**    alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Thomas E Shuck**    tshuck@pmcos.com, efilings@pmcos.com
- **Rachel P Stoian**    stoian.rachel@dorsey.com, stell.laura@dorsey.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On <u>March 19, 2025</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Theodor Albert
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2025 | Elisabeth Walters | /s/Elisabeth Walters |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |