| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>ORI KATZ, SBN 209561<br>Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109<br>Telephone:    415.434.9100<br>Facsimile:    415.434.3947<br>E-mail:    okatz@sheppardmullin.com<br><br>JENNIFER L. NASSIRI, SBN 209796<br>ALEXANDRIA G. LATTNER, SBN 314855<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067-6055<br>Telephone: 310.228.3700<br>Facsimile: 310.228.3701<br>E-mail:    jnassiri@sheppardmullin.com<br>                alattner@sheppardmullin.com<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: DI Overnite, LLC | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – <u>SANTA ANA</u> DIVISION** ||
| In re:<br><br>DI OVERNITE, LLC, a Nevada limited liability company,<br><br>*Alleged Debtor and Debtor in Possession.*<br><br>                                                        Debtor(s) | CASE NO.: 8:25-bk-10446-TA<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: DI OVERNITE, LLC'S EMERGENCY MOTION FOR AN INTERIM ORDER (I) AUTHORIZING LENDER TO CONTINUE PRE-PETITION FINANCING DURING THE GAP PERIOD (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b); AND (III) GRANTING RELATED RELIEF** |

PLEASE TAKE NOTE that the order titled <u>Final Order Approving DI Overnite LLC's Emergency Motion for an Interim Order (I) Authorizing Lender to Continue Pre-Petition Financing During the Gap Period; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (III) Granting Related Relief</u> was lodged on (*date*) <u>April 11, 2025</u> and is attached. This order relates to the motion which is docket number <u>11</u>.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 1                                            **F 9021-1.2.BK.NOTICE.LODGMENT**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ORI KATZ, SBN 209561
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415.434.9100
Facsimile:     415.434.3947
E mail:        okatz@sheppardmullin.com

JENNIFER L. NASSIRI, SBN 209796
ALEXANDRIA G. LATTNER, SBN 314855
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
E-mail:        jnassiri@sheppardmullin.com
               alattner@sheppardmullin.com

Counsel to DI Overnite LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>DI OVERNITE, LLC, a Nevada limited liability company,<br><br>*Alleged Debtor and Debtor in Possession.* | Involuntary Case No.: 8:25-bk-10446-TA<br><br>Chapter 7 Case<br><br>**FINAL ORDER APPROVING DI OVERNITE LLC'S *EMERGENCY MOTION* FOR AN INTERIM ORDER (I) AUTHORIZING LENDER TO CONTINUE PRE-PETITION FINANCING DURING THE GAP PERIOD (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b); AND (III) GRANTING RELATED RELIEF**<br><br>DATE:     April 8, 2025<br>TIME:     11:00 a.m.<br>JUDGE:    Hon. Theodor Albert<br>PLACE:    ZoomGov<br>          411 W. Fourth Street<br>          Santa Ana, CA 92701 |

-1-

SMRH:4934-3219-3840.2

On March 11 2025, this Court held a hearing on shortened notice, on *DI Overnite LLC's Emergency Motion for an Interim Order (I) Authorizing Lender to Continue Pre-Petition Financing During the Gap Period (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (III) Granting Related Relief; Memorandum of Points and Authorities in Support* (the "<u>Motion</u>") filed on March 5, 2025 as Docket Number 11. On April 8, 2025, this Court held a further hearing on the Motion on regular notice. Appearances were as noted on the Court's record of the hearing.

The Court having reviewed and considered the Motion and the documents filed in support thereof; and finding that notice given of the Motion was proper and sufficient under the circumstances; and good cause appearing,

**THE COURT HEREBY FINDS THAT:**

A.   DI Overnite, LLC, a Nevada limited liability company ("DI"), having contacted Pathward, National Association (the "Bank"), regarding an immediate need of funding; the Bank having agreed to provide the necessary funding upon the conditions set forth below; and DI and the Bank having stipulated and agreed as follows:

B.   On February 21, 2025 (the "Involuntary Petition Date"), an Involuntary Petition Against a Non-Individual (the "Involuntary Petition") was filed against DI under the United States Bankruptcy Code (the "Code"). DI intends to contest the Involuntary Petition.

C.   Bank previously entered into financing arrangements with DI pursuant to, among others, the following documents (collectively the "Pre-Involuntary Loan Documents"):

    1.   Master Credit and Security Agreement dated as of September 28, 2024, as amended by Amendment No. 1 to Master Credit and Security Agreement dated as of October 22, 2024 and by Amendment No. 2 to Master Credit and Security Agreement dated as of December 10, 2024 (collectively the "Credit Agreement");

    2.   The Revolving Note in the stated principal amount of $20,000,000 dated as of September 28, 2024 (the "Note"); and

-2-

      3.      A UCC-1 Financing Statement covering all assets of the DI was recorded on September 23, 2024 with the Secretary of State of Nevada, Filing Number 2024429643-4.

D.      All capitalized terms not defined herein shall have the meaning given to such terms in the Pre-Involuntary Loan Documents.

E.      As of February 21, 2025, DI was indebted to the Bank in the principal amount of $10,585.381.50, plus interest, fees and costs allowed under the Pre-Involuntary Loan Documents (the "Pre Involuntary Indebtedness").

F.      The Pre-Involuntary Indebtedness constitutes the valid and binding obligations of DI to Bank and is secured by the liens and security interests in all personal property of DI (the "Pre-Involuntary Collateral").

G.      The Pre-Involuntary Loan Documents provide for the Bank's dominion of funds.

H.      To continue the operation of its business during the gap period, DI represents that it must continue to obtain secured financing from the Bank to pay the obligations incurred by DI in the ordinary course of its business during the gap period.

I.      DI desires that the Bank continue its existing line of credit under the terms of the Pre-Involuntary Loan Documents pursuant to the terms and conditions described in this Order.

J.      DI urgently requires financing to fund daily operations.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.      The Motion is GRANTED on a final basis.

2.      **Pre-Involuntary Loan Documents.** The Pre-Involuntary Indebtedness constitutes valid and binding obligations of DI to Bank, which is secured by all personal property of the DI, which liens and security interests shall continue pursuant to Section 552(b) of the Code.

3.      The Bank, and its officers, directors, employees, attorneys, stockholders, agents successors and assigns, are hereby released, by DI in every capacity, and their respective employees, officers, directors, employees, attorneys, stockholders, agents, successors, assigns, or heirs, from all liabilities, claims, causes of action, allegations, or assertions, known or unknown, that they may have or had at any time up to and including the date of entry of this Order, with

respect to Bank's actions or omissions with respect to DI or to any relationship between Bank and DI. As an example and not limitation, the foregoing release includes any claims for breach of an alleged obligation of good faith by Bank or any other claim or cause of action commonly referred to under the rubric of "lender liability."

4. The obligations of all guarantors under their guaranty shall continue.

5. The Pre-Involuntary Loan Documents are incorporated herein by reference and shall be construed and considered as post-Involuntary Petition agreements between DI and Bank under this Order (except to the extent inconsistent herewith or modified hereby). The Bank shall continue to have dominion over all funds and DI has no rights in or authority to use receipts generated in its business operations except as provided in this Order.

6. DI is hereby ordered to perform its obligations hereunder in accordance with the terms hereof. All loans and obligations incurred on or after the Involuntary Petition Date by DI, and the amount advanced by Bank after the Involuntary Petition Date, are referred to as the "Post-Involuntary Indebtedness" and, together with the Pre-Involuntary Indebtedness, as the "Indebtedness". Upon entry of this Order, DI shall be deemed to have unconditionally promised to pay on a secured post-Involuntary Petition basis all Indebtedness.

7. **Loan Confirmation.** Code Section 303(f) provides that notwithstanding Code Section 363, "except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if any involuntary case concerning the debtor had not been commenced".

8. DI is hereby authorized to borrow from the Bank on or after the Involuntary Petition Date pursuant to the terms and conditions of the Pre-Petition Loan Documents (the "Funding"), provided that (a) the Out of Formula Period set forth in Amendment No. 2 to Master Credit and Security Agreement paragraph 2.A.(d)(C) is amended from February 25, 2025 to April 15, 2025; and (b) the Bank may agree in its discretion to amend the advance formula without further order of the Bankruptcy Court.

SMRH:4934-3219-3840.2

9.   All proceeds and collections of the Pre-Involuntary Collateral and the Post-Involuntary Collateral (as hereinafter defined), must be forwarded to the Lockbox Account at Bank.  Bank is hereby authorized to notify all Account Debtors, and all Account Debtors are directed to make, all payments to the Blocked Account.

10.   The proceeds of each Account that Bank has collected since the Involuntary Petition Date will be applied by Bank as set forth in the Pre-Involuntary Loan Documents.

11.   The Code Section 362 automatic stay and the provisions of Code Section 549, if applicable, are each hereby waived to allow the Bank's funding and application of the payments by Bank as set forth in Pre-Petition Loan Documents and this Order.

12.   Provided that DI complies with the requirements of Pre-Involuntary Loan Documents and that the Indebtedness does not exceed the Advance Formula, the Bank may make Advances to DI based on the Advance Formula set forth in the Credit Agreement.

13.   **Adequate Protection.**  To secure the Indebtedness, and as adequate protection for and to protect the Bank against any diminution in the value of the Pre-Involuntary Collateral under Code Section 361, the Bank shall retain its first lien and is granted a lien on DI's personal property of any kind and nature whatsoever *(except trustee avoidance powers under Chapter 5)*, whether now owned or hereafter acquired by DI, and all proceeds, rents or profits thereof, including all of the Pre-Involuntary Collateral and any unused or unearned retainers, deposits, or prepaid items, subject to all existing, valid prior liens (collectively, the "Collateral").

14.   In consideration of the Funding, DI hereby irrevocably waives and is barred from asserting or exercising any right, without (a) Bank's prior written consent, or (b) prior payment and satisfaction in full of the Indebtedness, to grant modify or affect any of the rights of Bank under this Order.

15.   All collections and proceeds of any Collateral and all other cash or cash equivalents which shall at any time on or after the Involuntary Date come into the possession or control of DI, or to which DI shall become entitled to at any time ("Post-Involuntary Collections") shall be deposited or forwarded into the Blocked Account with Bank and shall be applied to the Indebtedness.  All banks in which any lockboxes and blocked accounts of DI exist are authorized

SMRH:4934-3219-3840.2

1  and directed to comply with any request of Bank to turn over to Bank all funds therein, or

2  collected after the Involuntary Date, without offset or deduction of any kind.

3      16.    DI shall permit Bank and any authorized representatives designated by Bank,

4  including auditors and appraisers engaged by Bank, reasonable access to visit and inspect any of

5  the properties of DI during normal business hours and reasonable notice, to review DI's financial

6  and accounting records, and to make copies and take extracts therefrom, and to discuss DI's

7  affairs, finances and business with DI's officers, consultants, and accountants.  Without limiting

8  the generality of the foregoing, DI shall promptly provide to Bank and its designated

9  representatives any information or data reasonably requested to monitor DI's compliance with the

10 provisions of this Order and to perform audits, appraisals or other valuation analyses of any

11 personal property of DI.

12     17.    Except as Bank may consent, the terms of the Pre-Involuntary Loan Documents

13 shall not be modified, and except as Bank may consent this Order shall not be modified by any

14 order in this case or any subsequent case under the Bankruptcy Code.

15     18.    The Bank has no commitment to continue its discretionary funding beyond (i) the

16 Bank's demand for repayment; (ii) the occurrence of an Event of Default; or (iii) the Termination

17 Date (as hereinafter defined).

18     19.    The rights and obligations of DI and the rights, claims, liens, security interests and

19 priorities of Bank arising under this Order are in addition to, and are not intended as a waiver or

20 substitution for, the rights, obligations, claims, liens, security interests and priorities granted by DI

21 under the Pre-Involuntary Loan Documents.

22     20.    The provisions of this Order shall be binding upon and inure to the benefit of Bank,

23 DI and their respective successors and assigns, including any trustees of DI in Chapter 11 or

24 Chapter 7.

25     21.    If this case is dismissed, Bank's rights and remedies under this Order shall remain

26 in full force and effect.

27     22.    DI shall not, without Bank's prior written consent, seek to modify this Order.

28

23. DI, at its expense, shall (a) continue to keep all collateral insured to its maximum insurable value against all loss, peril and hazard and name Bank as lender's loss payable under such policies; and (b) pay any and all post-petition taxes, assessment and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings and DI maintains appropriate cash reserves for the expenses being contested, and provide Bank with proof of the foregoing within 3 days of payment. Copies of all federal tax returns, federal tax deposits and other payments made by DI during the pendency of this Order shall be timely mailed to Bank.

24. **Covenants and Reporting Requirements.** DI shall comply with all covenants and maintain all formulas contained in the Pre-Involuntary Loan Documents.

25. DI shall deliver to the Bank concurrently with their filing, copies of each report filed with the Office of the United States Trustee if not also filed with the court.

26. **Default, Rights and Remedies of the Bank and Service.** Each of the following events shall constitute an event of default (an "Event of Default") hereunder:

    (a) An order granting the Involuntary Petition;

    (b) Failure of DI to make any payment when due;

    (c) There is a default (other than payments) by DI under this Order or the Bank's Pre-Involuntary Loan Documents; or

    (d) DI fails to make a payment then due and owing after demand by the Bank.

27. Upon the Termination Date (as hereinafter defined) the entire Indebtedness remaining unpaid at the election of the Bank shall become due. "Termination Date" shall mean the earlier of an Event of Default or April 15, 2025. DI and the Bank may agree to extend the Termination Date without further order of the Court, provided, the Bank shall have no obligation to do so.

///

///

///

-7-

SMRH:4934-3219-3840.2

28. This Order shall be immediately effective and enforceable upon its entry, the Bank may rely on the provisions of this Order, and there shall be no stay of execution or effectiveness of this Order.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 650 Town Center Drive, 10th Floor, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   - **Reem J Bello**   rbello@goeforlaw.com, kmurphy@goeforlaw.com
   - **Kimberly Ross Clayson**   kclayson@taftlaw.com, ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com
   - **Marc C Forsythe**   mforsythe@goeforlaw.com, mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com
   - **Ori Katz**   okatz@sheppardmullin.com, lsegura@sheppardmullin.com
   - **Alexandria Lattner**   alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
   - **Kerry A. Moynihan**   kerry@kamlegal.com
   - **Meghan C Murphey**   meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com;
   - **Jennifer L Nassiri**   JNassiri@sheppardmullin.com, xmaurice@sheppardmullin.com
   - **Rachel P Stoian**   stoian.rachel@dorsey.com, stell.laura@dorsey.com
   - **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
   - **Thomas E Shuck**   tshuck@pmcos.com, efilings@pmcos.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 11, 2025 | Alexandria G. Lattner | /s/ Alexandria G. Lattner |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.