| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller (CA Bar No. 120029)<br> elissa.miller@gmlaw.com<br>GREENSPOON MARDER LLP<br>1875 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*National Partners PFco, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br>DI Overnite, LLC, | CASE NO.: 8:25-bk-10446 SC |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM: |

**Movant:** National Partners PFco, LLC

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7.  ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☒ An application for order setting hearing on shortened notice and remains pending.  After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  08/22/2025

Greenspoon Marder LLP
Printed name of law firm (if applicable)

Elissa D. Miller
Printed name of individual Movant or attorney for Movant

/s/ Elissa D. Miller
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 2                          F 4001-1.RFS.PP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

    a. ☐ Vehicle (*year, manufacturer, type, and model*):

        *Vehicle Identification Number*:
        *Location of vehicle (if known)*:

    b. ☐ Equipment (*manufacturer, type, and characteristics*):

        *Serial number(s)*:

        *Location (if known)*:

    c. ☒ Other Personal Property (*type, identifying information, and location*):
        See Continuation statement attached

3. **Bankruptcy Case History:**

    a. ☐ A voluntary bankruptcy petition   ☒ An involuntary bankruptcy petition
        under chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was filed on (*date*) 02/21/2025 .

    b. ☐ An order  for relief under  ~~was entered in this case in~~ chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) 07/12/2025 .

    c. ☐ Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐ Movant's interest in the Property is not adequately protected.

            (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

            (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant
                sufficient to protect Movant's interest against that decline.

            (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
                obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (D) ☐ Other (*see attached continuation page*).

        (2) ☐ The bankruptcy case was filed in bad faith.

            (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
                commencement documents.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 3                                     **F 4001-1.RFS.PP.MOTION**

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ (*Chapter 12 or 13 cases only*)  All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due
☐ postpetition preconfirmation    ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on (*date*) _____, which is
☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

**5. Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other (*specify*):

**6.** ☐ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

**7. An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                                    **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ If relief from stay is not granted, the court orders adequate protection.

12. ☒ See continuation page for other relief requested

Date:  08/22/2025

Greenspoon Marder LLP
_____
Print name of law firm

Elissa D. Miller
_____
Print name of individual Movant or attorney for Movant

/s/Elissa D. Miller
_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 5                          F 4001-1.RFS.PP.MOTION

# PERSONAL PROPERTY DECLARATION

I, (*name of declarant*) Humberto Irigoyen, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (*specify*):

a. ☐ I am the Movant.

b. ☒ I am employed by Movant as (*title and capacity*): President and Chief Executive Officer

c. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

b. ☒ Other (see attached):
Unearned Insurance Premiums on policies obtained by the Debtor and financed by Movant. Debtor defaulted on its payments to Movant.

3. The Property is:

a. ☐ Vehicle (*year, manufacturer, type, model and year*):

Vehicle Identification Number:
Location of vehicle (if known):

b. ☐ Equipment (*manufacturer, type, and characteristics*):

Serial number(s):
Location (if known):

c. ☒ Other personal property (*type, identifying information, and location*):
See Continuation statement attached

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 6                              **F 4001-1.RFS.PP.MOTION**

4. The nature of Debtor's interest in the Property is:

   a. ☒ Sole owner

   b. ☐ Co-owner (*specify*):

   c. ☐ Lessee

   d. ☐ Other (*specify*):

   e. ☐ Debtor ☐ did ☐ did not   list the Property in the schedules filed in this case.

5. ☐ The lease matured or was rejected on (*date*) _____:

   a. ☐ rejected

      (1) ☐ by operation of law.

      (2) ☐ by order of the court.

   b. ☐ matured.

6. Movant has a perfected security interest in the Property.

   a. ☒ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _1_.

   b. ☐ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☐ Certificate of title ("pink slip") (Exhibit _____).

      (2) ☐ Vehicle or other lease agreement (Exhibit _____).

      (3) ☐ Security agreement (Exhibit _____).

      (4) ☐ Other evidence of a security interest (Exhibit _____).

   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law.  True and correct copies of the following items are attached to this motion:

      (1) ☐ Security agreement (Exhibit _____).

      (2) ☐ UCC-1 financing statement (Exhibit _____).

      (3) ☐ UCC financing statement search results (Exhibit _____).

      (4) ☐ Recorded or filed leases (Exhibit _____).

      (5) ☒ Other evidence of perfection of a security interest (Exhibit _2_).

   d. ☐ The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

      (1) ☐ Credit application (Exhibit _____).

      (2) ☐ Purchase agreement (Exhibit _____).

      (3) ☐ Account statement showing payments made and balance due (Exhibit _____).

      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

   e. ☐ Other liens against the Property are attached as Exhibit _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 7                    **F 4001-1.RFS.PP.MOTION**

7. Status of Movant's debt:

    a. The amount of the monthly payment: $ __505,595.76__ .

    b. Number of payments that became due and were not tendered: ☐ prepetition ☒ postpetition. 2

    c. Total amount in arrears: $ __3,564,450.11__ .

    d. Last payment received on (*date*) __06/23/2025__ .

    e. Future payments due by the anticipated hearing date (*if applicable*): _____
    An additional payment of $ __505,595.76__ will come due on (*date*) __07/01/2025__ , and on
    the __1st__ day of each month thereafter. If the payment is not received by the __11th__
    day of the month, a late charge of $ __25,279.79__ will be charged under the terms of the loan.

8. ☒ Attached as Exhibit __3__ is a true and correct copy of a POSTPETITION payment history that accurately
reflects the dates and amounts of all payments made by the Debtor since the petition date.

9. Amount of Movant's debt:

    a. Principal:...................................................................................... $ __3,531,694.19__
    b. Accrued interest: .......................................................................... $ __32,754.92__
    c. Costs (attorney's fees, late charges, other costs):................................ $ __15,000.00__
    d. Advances (property taxes, insurance): .............................................. $ _____
    e. TOTAL CLAIM as of _____:....................................................... $ __3,579,450.11__
          (attorneys fees/costs estimated)

10. ☒ (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ __3,087,205.66__ .
This valuation is based upon the following supporting evidence:

    a. ☐ This is the value stated for property of this year, make, model, and general features in the reference guide
most commonly used source for valuation data used by Movant in the ordinary course of its business for
determining the value of this type of property. True and correct copies of the relevant excerpts of the most
recent edition of the reference guide are attached as Exhibit _____ .

    b. ☐ This is the value determined by an appraisal or other expert evaluation. True and correct copies of the
expert's report and/or declaration are attached as Exhibit _____ .

    c. ☐ The Debtor's admissions in the Debtor's schedules filed in the case. True and correct copies of the relevant
portions of the Debtor's schedules are attached as Exhibit _____ .

    d. ☒ Other basis for valuation (*specify*):
        This is the unearned premium remaining as of July 7, 2025. The amount declines daily.

---

> **NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the
> opinions of value should be submitted.

---

11. Calculation of equity in Property:

    a. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**

        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
senior to Movant's debt is $ _____ and is __0__ % of the fair market value of the
Property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 8                  **F 4001-1.RFS.PP.MOTION**

b. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity**:

> By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☒ The fair market value of the Property is declining because:
Each day the policies remain extant, the unearned premium declines by $15,963.38

13. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*) _____, which is:  ☐ prepetition ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*) _____
The plan was confirmed on (*if applicable*) (*date*) _____

b. Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                        $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                          $ [                    ]

TOTAL POSTPETITION DELINQUENCY:              $

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property:

(1) Case name: _____
Chapter: _____    Case number: _____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(2) Case name: _____
Chapter: _____    Case number: _____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

(3) Case name: _____
Chapter: _____    Case number: _____
Date filed: _____    Date discharged: _____    Date dismissed: _____
Relief from stay regarding the Property ☐ was  ☐ was not  granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed
with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

03/22/25           Bert Irigoyen
_____        _____     _____
Date                     Printed Name                                    Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 4001-1.RFS.PP.MO

# CONTINUATION PAGE

Request for Relief Paragraph 12, pdf page 5

National Partners requests that the Court grant it relief from stay so that it may take such action as is necessary to cancel the policies and collect on its collateral.

Description of collateral, Paragraph 3(c), pdf page 6

      Pursuant to Paragraph 4 of the PFA, Debtor secured its obligations to National Partners by granting to National Partners a security interest in a security interest in all insurance policies listed herein and all unearned premium, return premium and dividend payments thereof which may become payable for any reason, and any loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests ("Return Premiums").

## **DECLARATION OF HUMBERTO IRIGOYEN**

I, Humberto "Bert" Irigoyen, declare:

1.      I am an individual over the age of 18. I am the President and Chief Executive Officer of National Partners PFco, LLC ("National Partners"). I have personal knowledge of the facts set forth herein, and if called upon to testify to these facts, I would and could competently do so.

2.      I have been employed by National Partners for approximately 3 years, and have maintained my present position for approximately 2 years. In my role as President and CEO and I am and have been for at least the last 2 years, in charge of generating and then monitoring and collecting on National Partners premium finance agreements ("PFA") including those in default. I am responsible for PFA for the entire country.

3.      In my capacity as the President and CEO, my duties and responsibilities also include overseeing the records for National Partners as they pertain to accounts in default including the records of National Partners as they pertain to the PFA entered between it and Debtor DI Overnite, LLC (the "Debtor") with regard to the nine (9) insurance policies on which the Debtor is the named insured. I am required to know, and in fact I have personal knowledge of, the duties of National Partners employees and record keeping methods used by these employees who are responsible for maintaining the files and documents, including payment history and finance agreements for borrowers of National Partners, including the Debtor.

4.      The exhibits attached hereto are from the books and records of National Partners. I have personal knowledge of the duties of National Partners employees and record keeping methods used by these employees who are responsible for processing the financing agreements and notices given to insurance companies for which Return Premiums are pledged to National Partners.

5.      The business records of National Partners referred to in this declaration are prepared and kept by National Partners in the ordinary course of National Partners' business. The entries made in such business records were made at or near the time of

1  the occurrence of the events recorded. Furthermore, these business records are, in all

2  instances, kept in a safe and secure location and all said business records were made by

3  persons who have a business duty to National Partners to make such records.

4       6.     Attached hereto and incorporated herein by reference as **Exhibit 1** is a true

5  and correct copy of the PFA entered between National Partners and Debtor on or about

6  February 18, 2025. Pursuant to the terms of the PFA, National Partners agreed to finance

7  for Debtor the purchase of the nine insurance policies with total premiums of

8  $5,580,966.65.

9       7.     Debtor paid a downpayment of $505,595.76 and National Partners paid the

10  loan proceeds to the carriers in payment of the premiums. Thus, National Partners

11  financed $5,345,370.89 of the premiums.

12       8.     Pursuant to the terms of the PFA, Debtor was required to repay National

13  Partners by making eleven (11) monthly payments of $505,595.76 each commencing

14  March 1, 2025. As noted in the PFA, each policy was for a twelve-month period.

15       9.     Pursuant to Paragraph 4 of the PFA, Debtor secured its obligations to

16  National Partners by granting to National Partners a security interest in a security interest

17  in all insurance policies listed herein and all unearned premium, return premium and

18  dividend payments thereof which may become payable for any reason, and any loss

19  payments which reduce the unearned premiums, subject to any mortgagee or loss payee

20  interests ("Return Premiums").

21       10.     Based on my approximately 20 years of experience in collecting on

22  premium finance agreements in default, I am familiar with the laws around the country

23  perfecting security interests in return premiums. Pursuant to California Finance Code,

24  §18591 and California Commercial Code § 9312(b)(4), National Partners perfected its

25

26

27

28

1  security interest in the Return Premiums by mailing written notice of the PFA to each of

2  the nine (9) insurance companies whose premiums were financed pursuant to the PFA.[1]

3       11.    Attached hereto collectively as **Exhibit 2** and incorporated herein by

4  reference are true and correct copies of the notice sent to each of the insurance

5  companies. The date on the notices is placed thereon as the notices are prepared and

6  mailed to the insurers by person or persons at National Partners whose responsibility is

7  to prepare and mail such notices and reflects the date of such mailing.

8       12.    Attached hereto as **Exhibit 3** and incorporated herein by reference is the

9  Account Transaction History for Debtor for the PFA. This report reflects the current

10  principal balance, payments made, the date of payments and late charges, as applicable

11  on the account. This report is generated by the National Partners computer system. The

12  information is input in the system by persons whose job it is at National Partners to input

13  finance data into the computer accurately and completely. National Partners relies on this

14  system to generate amounts owning on PFA and for purposes of collecting on such

15  agreements.

16       13.    As reflected on the Account Transaction History, Debtor made the March –

17  June payment and no further.

18       14.    I am familiar with the manner in which return premiums are calculated

19  under insurance contracts and the rate such Return Premiums diminish. Based on my

20  review of National Partners' files, I calculated the balance of refund premiums under the

21  contracts financed and the daily diminishment in value. Each day that an insurance policy

22  remains extant, the value of the return premium declines. At inception, Debtor owed

23  National Partners the sum of $5,561,553.36 and the value of its collateral was

24  approximately $5,850,966.65. National Partners' position has declined so that as of July

25  7, 2025, the value of the unearned premiums will be approximately $3,087,205.66 and

26   

27  [1] Although not required by Finance Code Section 18591 such notice constitutes
perfection of National Partners' security interests in the Return Premiums in compliance

28  with California Uniform Commercial Code §9312(b)(4).

2 policies remain in full force and effect, the value of National Partners' collateral decreases

3 at the rate of $15,963.38 per day.

4     15.   By reason of the missed payments, Debtor is in default under the PFA and,

5 pursuant to paragraphs 8, 19 and the terms of the "Additional Provisions of Premium

6 Finance Agreement" attached to and made a part of the PFA, in the event of a default,

7 National Partners has the right to cancel the policies financed and to apply any resulting

8 Return Premiums or any other amounts payable to the amounts owing.

9     16.   As a result of the continuing decline in value of the Return Premiums,

10 National Partners is now in a position where, if the motion is heard on regular notice,

11 when taking into account continuing late fees, attorneys' fees and costs National Partners

12 will be undersecured. National Partners' position worsens each day that it is not allowed

13 to cancel the insurance policies and enforce its rights under the PFAs.

14     17.   Based on the foregoing, National Partners respectfully requests that this

15 Court enter an order effective immediately upon entry to allow it to cancel the policies and

16 collect all amounts to be refunded.

17     I declare under penalty of perjury under the laws of the United States of America

18 that the foregoing is true and correct.

19     Executed this 22 day of August 2025 at Miami, FL.

20

21                    _____

22                         Bert Irigoyen

22

23

24

25

26

27

28

# EXHIBIT 1

**National Partners**

**PREMIUM FINANCE AGREEMENT,**
**SECURITY AGREEMENT, LOAN DISCLOSURE STATEMENT**
**AND LIMITED POWER OF ATTORNEY**

CA License #    2579    ("LENDER")

NATIONAL PARTNERS

LENDER ADDRESS: 2655 S Le Jeune Road,
Suite 800 Coral Gables, FL 33134

| CHECK APPROPRIATE BOX |
| IF BORROWER IN BANKRUPTCY |
| [ ] Chapter 7   [ ] Chapter 11   [ ] Chapter 13 |

PHONE: (800) 506-8901        FAX: (720) 889-9258        QUOTE NUMBER: 31609

| PRODUCER (Insurance Agent/Broker) NAME, ADDRESS, and PHONE NUMBER | BORROWER (Insured) NAME, ADDRESS, and PHONE NUMBER | BORROWER SSN/FEIN |
|---|---|---|
| Commercial Underwriters Insurance Agency LLC<br>7730 S Union Park Ave<br>Ste 250<br>Midvale, UT 84047<br>PHONE NUMBER: (801) 352-1161 AGENT ID: A00080 | DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806<br>PHONE NUMBER: (877) 997-7447 | [         ]<br><br>CHECK BOX IF AGENT RENEWAL<br><br>[   ] |

## 1. SCHEDULE OF FINANCED POLICIES

| NAME OF INSURANCE COMPANY AND GENERAL AGENT/BROKER | TYPE OF POLICY | POLICY NUMBER | POLICY EFFECTIVE DATE | MIN EARNED (%) | SUBJECT TO AUDIT? | DAYS TO CANCEL | POLICY TERM (months) | PREMIUM + FIN. TXS/FEES + NON-FIN. TXS/FEES |
|---|---|---|---|---|---|---|---|---|
| Old Republic Insurance Company<br>c/o Captive Resourc (C00460)<br>Captive Resources Insurance<br>Services Inc (40328) (G00446) | GENERAL LIABILITY | MWZY31437 325 | 2/1/2025 | 0.000% | Y | 0 | 12 | 9,202.56<br>7,074.00<br>9,000.00 |

## 2. LOAN DISCLOSURE

See Schedule of Financed Policies page for additional policies        Broker Fee        384,282.00

| TOTAL PREMIUMS AND RELATED FEES | DOWN PAYMENT REQUIRED FROM BORROWER | AMOUNT FINANCED Amount of credit provided to you or on your behalf. | STATE SPECIFIED TAXES OR FEES | TOTAL FINANCE CHARGES Dollar amount the credit will cost you. | TOTAL OF PAYMENTS Amount of all scheduled payments. | ANNUAL PERCENTAGE RATE Cost of your credit as a yearly rate. |
|---|---|---|---|---|---|---|
| $5,850,966.65 | $505,595.76 | $5,345,370.89 | $0.00 | $216,182.47 | $5,561,553.36 | 8.000% |

## 3. PAYMENT SCHEDULE

**Mail all Payments to: 2655 S Le Jeune Road, Suite 800, Coral Gables, FL 33134**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENT | PAYMENT FREQUENCY | PAYMENTS DATES | |
|---|---|---|---|---|
| | | | FIRST PAYMENT DUE | DATE PAYMENTS ARE DUE |
| 11 | $505,595.76 | Monthly | 3/1/2025 | 1st |

## 4. CERTAIN DISCLOSURES AND PAYMENT PROVISIONS

**SECURITY INTEREST AND POWER OF ATTORNEY:** The Insured, as Borrower, and under the power of attorney given by insured, hereby grants Lender a security interest in all insurance policies listed herein and all unearned premium, return premium and dividend payments thereof which may become payable for any reason, and any loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests.
**FINANCE CHARGES:** The finance charges begin accruing on the earliest effective date of the policies listed in the Schedule of Financed Policies

**CHARGE FOR LATE PAYMENT:** If any and each payment which is not made by the 5th day past due (or such later date as required by law), then Borrower will be assessed a late charge in the amount set forth in section 16 "Late Fees."

**CONTRACT REFERENCE:** See the rest of this Agreement below, the ADDITIONAL PROVISIONS page, and any included addenda for additional information about nonpayment, default, required prepayments, prepayments, refunds and penalties.

## 5. PAYMENT PROVISIONS:

Borrower promises to pay to Lender at Lender's address provided next to Payment Schedule above (or other address Lender may designate) the Total of Payments shown above in consecutive periodic payments with the number, amounts, and dates as disclosed in the "Payment Schedule" above, until loan is fully paid. Borrower agrees that all installment payments due under this Agreement must be made directly to LENDER and payment made by Borrower to any other person, firm, agency or corporation do not constitute payment unless and until received by LENDER.
**PREMIUM FINANCE NOTICE TO BORROWER / INSURED: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACE. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THIS AGREEMENT. (3) KEEP YOUR COPY OF THIS AGREEMENT TO PROTECT YOUR LEGAL RIGHTS. (4) UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE AND SERVICE CHARGES.**

## FOR INFORMATION, CONTACT THE DEPARTMENT OF FINANCIAL INSTITUTIONS, STATE OF CALIFORNIA

When signed below by you, or on your behalf, you (Borrower) acknowledge receipt of a copy of this Agreement, acknowledge having full power and authority to enter into this Agreement and sign on behalf of all entities named above as Borrowers, and that you agree to the provisions printed above and on the ADDITIONAL PROVISIONS section (plus any attached addenda) constitute the entire Agreement between Borrower and Lender. Insured hereby requests Lender to pay on its b_____ of its insurance policy premiums (net of down payment) listed above.

2/18/2025    DocuSigned by: *Joe Varraveto*        Joe Varraveto        Chief Financial
              3082D2CDA4577494...
DATE    SIGNATURE OF THE BORROWER/INSURED(S) OR DULY AUTHORIZED AGENT    PRINT NAME & TITLE

**PRODUCER REPRESENTATION**

THE UNDERSIGNED REPRESENTS AND WARRANTS: By signing or submitting this Premium Finance Agreement, the Producer makes the Producer's Representations and Warranties printed on the ADDITIONAL PROVISIONS page of this Agreement and agrees to be bound to the terms of this Agreement. Producer also agree_____ assignment of any interest in the insurance policy(ies) except for the assignment to Lender and Lender may assign this Agreeme_____ presentations and Warranties under its normal course of business.

2/13/2025    DocuSigned by: *Tanner Owens*        Tanner Owens        Agent
              4FACF5B50E23463...
DATE    SIGNATURE OF PRODUCER (AGENT/BROKER)    PRINT NAME & TITLE

017 CAState8.19

Docusign Envelope ID: 1E32?3B9-836?-4189-BE2C-BEBE902?010F
Borrower Name: DI Overnite LLC
Case 25-bk-10446-SC   Doc 190   Filed 08/22/25   Entered 08/22/25 11:26:21   Desc
Main Document    Page 19 of 47
Producer Name: Commercial Underwriters Insurance
Agency LLC
Quote Number: 91609

| NAME OF INSURANCE COMPANY AND GENERAL AGENT/BROKER | TYPE OF POLICY | POLICY NUMBER | POLICY EFFECTIVE DATE | MIN EARNED (%) | SUBJECT TO AUDIT? | DAYS TO CANCEL | POLICY TERM (months) | PREMIUM + FIN. TXS/FEES + NON-FIN. TXS/FEES |
|---|---|---|---|---|---|---|---|---|
| **SCHEDULE OF FINANCED POLICIES (Continued)** | | | | | | | | |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | AUTOMOBILE with filings | MWTB31437 425 | 2/1/2025 | 0.000% | Y | 0 | 12 | 2,378,938.22 178,276.20 0.00 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | Workers Compensation Guaranteed Cost | MWC314372 25 | 2/1/2025 | 0.000% | Y | 0 | 12 | 1,403,378.78 46,848.61 0.00 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | PHYSICAL DAMAGE | MWTB31437 425 | 2/1/2025 | 0.000% | Y | 0 | 12 | 237,087.75 0.00 0.00 |
| Travelers Property Casualty Company of America (Pr C00378) Broker Resources a Captive Resource Company (42004 (G0091 | UMBRELLA | CUP0T22755 725NF | 2/1/2025 | 0.000% | | 0 | 12 | 530,347.00 0.00 0.00 |
| Scottsdale Insurance Company (71047) (C00007) AmWINS Access Insurance Services LLC (Woodland Hil (G013 | EMPLOYERS PRACTICE LIABILTY INSURANCE | EKS3557119 | 2/1/2025 | 25.000% | | 0 | 12 | 98,726.00 3,139.49 0.00 |
| Steadfast Insurance Company (71253) (C00131) AmWINS Access Insurance Services LLC (Woodland Hil (G013 | Excess Liability | SXS4232377 00 | 2/1/2025 | 25.000% | | 0 | 12 | 237,800.00 7,562.04 2,500.00 |
| AGCS Marine Insurance Company (71427) (C00270) Artex Risk Solutions Inc (40183) (G00339) | CARGO | MZI93081663 | 2/1/2025 | 0.000% | Y | 0 | 12 | 235,933.00 0.00 0.00 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | collateral | COLLATERA L | 2/1/2025 | 100.000% | | 0 | 12 | 77,761.00 3,110.00 0.00 |

Docusign Envelope ID: 1E32E3B9-836A-4180-BE2C-BEDE902B010F
Borrower Name: DI Overnite LLC

Case 2:25-bk-10446-SC   Doc 60   Filed 08/22/25   Entered 08/22/25 11:26:21   Desc
Main Document   Page 20 of 47

Producer Name: Commercial Underwriters Insurance Agency LLC
Quote Number: 516069

## ADDITIONAL PROVISIONS OF PREMIUM FINANCE AGREEMENT

6. Borrower and Producer acknowledge that Producer is receiving a fee of $53,434.00 for the preparation and administration of this Agreement.

7. AGREEMENT BECOMES A CONTRACT: This Agreement becomes a binding contract when Lender mails Insured its acceptance and has no force until Lender's written acceptance is mailed. Insured agrees that this Agreement may be transmitted electronically or via fax and any such transmittal shall be deemed a fully enforceable duplicate of the original document. The proceeds of the loan will not be used to purchase insurance for personal, family, or household purposes.

8. IRREVOCABLE LIMITED POWER OF ATTORNEY: Borrower irrevocably appoints Lender as attorney-in-fact of Borrower, with full power of substitution and authority upon default to cancel the policy(ies) listed on this Agreement, with full power to sign or otherwise execute the policy(ies) and to collect or receive all unearned premiums, dividend payments, and any loss payments which reduce unearned premium which may become payable under said policy(ies).

9. ADDITIONAL PREMIUMS: Only those premiums shown in this Agreement will be advanced on behalf of the Borrower. Payment of any additional premiums is the responsibility of the Borrower. Should Borrower desire to finance any additional premiums, written request must be provided to Lender and Lender will state its down payment requirements and payment options offered, if any.

10. NOTIFYING INSURANCE COMPANY: Insured authorizes Lender, at Lender's option, to notify any and all insurance companies issuing insurance policies covered by this Agreement of the terms of this Agreement, and Insured directs that such insurance companies honor all provisions of this Agreement.

11. BORROWER ASSIGNMENT: Borrower represents and warrants to Lender that the insurance policy(ies) set forth herein, or a binder for such policy(ies), has been issued to Borrower and is (or are) in full force and effect, and that there has been no assignment of any interest in the insurance policy(ies), and no such assignment is permitted, except for the assignment to Lender provided herein. Borrower agrees that Lender may assign this Agreement without notice to Borrower and in such event this Agreement shall inure to the benefit of and be binding to such assignee.

12. SPECIAL INSURANCE POLICIES: If any policy set forth in the "Schedule of Financed Policies", has premium subject to audit or is a reporting form policy, or is subject to retrospective rating, then the Insured promises to pay to the insurance company the earned premium computed in accordance with the policy provisions which is in excess of the amount of premium previously advanced by Lender.

13. NAMED INSURED: If an insurance policy financed provides the first named insured of such policy be responsible for payment of premiums and act on behalf of all other insureds, then the same shall apply to this Agreement and Insured represents they are authorized to sign on behalf of all insureds.

14. RIGHT TO PREPAY: Borrower shall have the right to prepay, in whole or in part, the amounts due hereunder at any time and shall be credited-back any unearned finance charges. If such prepayment in full occurs before the 1st installment due date, Lender shall retain the finance charges as computed based on the number of days from the Inception Date to the date the loan is paid in full, including any Non-Refundable Fees stated below.

15. MINIMUM FINANCE CHARGE and NON-REFUNDABLE FEES: There is a minimum finance charge of; $25 in CA, which is a Non-Refundable fee.

16. REFUNDS OF FINANCE CHARGES: Lender shall refund to Borrower any unearned finance charges, except if $1.00 or less then no refund will be made. Unearned finance charge will be computed by the actuarial method, computed daily as 1/365th.

17. LATE FEES: The Late Fee for this Payment Amount will be 25,279.79 and shall be incurred anytime a payment due has not been received by Lender within 10 days of the payment due date.

18. CANCELLATION CHARGE: If a default by the Borrower results in cancellation of any insurance policy listed in the "Schedule of Financed Policies", the Borrower will pay Lender an amount equal to the maximum cancellation charge permitted by law.

19. EVENT OF DEFAULT: Interest will accrue on the unpaid balance until Lender has received payment in full. Upon Borrower's default in any payment, or a default consisting of the transfer of policy(is) to a third party, Lender is authorized to accelerate and declare due and payable the entire unpaid balance of this loan, less unearned finance charges provided herein. Other acts of default for which the unpaid balance may be accelerated include: any check given by Borrower for the down payment or any payment due under this Agreement is not honored when presented to the bank on which drawn; misrepresentation by the Borrower as to the policies being financed; or any insurance company issuing an insurance policy referred to herein becomes insolvent, suspends business, or ceases to be qualified to do business. Borrower hereby waives presentment, protest and notice of dishonor. No delay or omission on Lender's part to exercise any right or power arising hereunder will impair any such right or power or be considered a waiver for any such right or power, nor will Lender's action or inaction impair any such right or power. Borrower agrees unpaid balances may be added to any new premium finance agreement of Borrower.

20. PAYMENTS AFTER DEFAULT/ REINSTATEMENT: Any payments made to Lender after confirmation of cancellation of the insurance policy(ies) has been mailed may be credited to Borrower's accounts without affecting the acceleration of the Agreement and without any liability or obligation on Lender's part to request reinstatement of the cancelled policy(ies). If Lender requests reinstatement, Borrower agrees that Lender has no liability to Borrower if the policy is not reinstated, as only the insurance company has the authority to reinstate a policy

21. PAYMENT MUST BE MADE TO LENDER: Borrower agrees that all installment payments due under this Agreement must be made directly to LENDER. Payment made to any other person, firm or agency does not constitute valid payment unless and until received by LENDER.

22. ATTORNEYS' FEES: If Lender has to engage an attorney to collect any unpaid balance, Borrower agrees to pay any and all reasonable and necessary attorney fees, collection costs, and other fees as permitted by law.

23. CANCELLATION CHARGE: If a default by the Borrower results in cancellation of any insurance policy listed in the "Schedule of Financed Policies", the Borrower will pay Lender an amount equal to the maximum cancellation charge permitted by law.

24. BAD CHECK CHARGE: Borrower shall be charged a fee of $15 if payment of Borrower is not honored when presented to the bank on which drawn. For any payment not honored, certified funds may be required for all subsequent payments.

25. AGENT OR BROKER: Borrower understands and agrees that Lender is not acting as an insurance carrier, agent or broker and shall have no liability as such. Borrower understands and agrees that the Producer is the Borrower's insurance agent or broker and not the agent of Lender and that the Producer has no power or authority to make agreements for Lender.

26. PROHIBITION AGAINST USURY: Under no circumstances shall Borrower have to pay more interest than is allowed under applicable law for this type of loan, and if Lender inadvertently contracts for charges, or receives more interest than allowed, Lender will refund the excess to Borrower

27. ILLEGALITY: If any provision contained in this Agreement should be invalid, illegal or unenforceable in any respect, it shall not affect or impair the validity, legality and enforceability of the remaining provisions of this Agreement.

28. CHANGES IN WRITING: Lender is authorized to correct errors and omissions in the agreement. Modifications and amendments or waivers made to this Agreement by Borrower must be made in writing to Lender and approved by Lender.

29. FINANCING OPTION: Entry into this financing arrangement is not a condition of obtaining insurance. You may pay the premium for insurance without financing such premium, or obtain financing from some other source if you choose.

30. INSOLVENCY: The Borrower represents that it is not insolvent or presently the subject of any insolvency proceeding, except as noted on Page 1 of this Agreement.

## LIMITATION OF LIABILITY
## PRODUCER'S REPRESENTATIONS AND WARRANTIES

Neither Lender nor its assignee shall be liable for any loss or damage to Insured of any nature, including but not limited to incidental or consequential damages, by reason of failure of any insurance company to issue or maintain in-force any of the Policies listed herein, including but not limited to any exercise by Lender of its right of cancellation for such policies, except in the event of willful or intentional misconduct by Lender

Docusign Envelope ID: 1E3323B9-836C-4199-BF2C-BEBE9029010F

Borrower Name: DI Overnite LLC    Producer Name: Commercial Underwriters Insurance Agency LLC    Quote Number: 916609

Producer hereby represents and warrants as follows: (1) This Agreement was complete as to all of its provisions and disclosures before it was signed by the Borrower or its authorized representative (if permitted by applicable law), Borrower was delivered a completed copy at time of signature, and Borrowers name and address is correct. (2) The signature of Borrower is genuine and Borrower, or Producer under written authorization of Borrower, has full power and authority to enter into this Agreement. (3) The insurance policy(ies) listed in this Agreement are in full force and effect and do not require advance notice of cancellation to any party other than any notice required to be given by Lender, the policy details are correct as stated herein and Producer is authorized by state authorities and the issuing insurance companies (or their designated general agents) to produce the policy(ies) listed herein. (4) The down payment has been paid by Borrower and delivered to the respective issuing insurance company(ies) (or general agent(s) on their behalf). (5) Producer acknowledges it is NOT an agent or representative of Lender. (6) Unless noted under Schedule of Policies, all policies being financed are cancellable, none are subject to retrospective rating, none are or become fully earned at any time for any reason before the expiration of policy term stated and each premium financed represents the full anticipated premium for policy term. (7) Any lien or claim on funds of Borrower, or relating to the financed policies made by Producer shall be subordinate to Lender until Lender has been paid all amounts due to it under this Agreement. (8) Lender may rely on these representation and warranties and shall hold Lender harmless from, and indemnify Lender against, any loss (up to the Amount Financed plus interest due and collection costs) resulting from errors, omissions or inaccuracies of Producer in preparing this Agreement. (9) To the best of Producer's knowledge, no proceeding(s) in bankruptcy, receivership or insolvency have been instituted or are contemplated by or against the Insured unless so noted on Page 1. (10) If Producer is to receive any compensation from Lender in connection with this Agreement, as permitted by applicable law, Producer has made disclosure to Borrower in accordance with the requirements of applicable law.

National Partners
2655 S Le Jeune Road, Suite 800
Coral Gables, FL 33134

If your application for business credit is not approved, you have the right to a written statement of the specific reasons for the decision. To obtain the statement, please contact National Partners, ATTN: Compliance Department, 2655 S Le Jeune Road, Suite 800, Coral Gables, FL 33134 or (800) 506-8901 within 60 days from the date you are notified of our decision. We will send you a written statement of reasons for the decision within 30 days of receiving your request for the statement.

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Washington, DC 20580.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

CAState8.19

### NATIONAL PARTNERS
## FUNDING BREAKDOWN BY POLICY

**Borrower Name:** DI Overnite LLC          **Quote Number:** 31609

**Producer Name:** Commercial Underwriters Insurance Agency LLC

| NAME OF INSURANCE COMPANY AND GENERAL AGENT/BROKER | TYPE OF POLICY | POLICY NUMBER | POLICY TOTAL PREMIUM | DOWN PAYMENT AMOUNT | FUNDING AMOUNT |
|---|---|---|---|---|---|
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | GENERAL LIABILITY | MWZY31437325 | $25,276.56 | $10,377.16 | $14,899.40 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | AUTOMOBILE with filings | MWTB31437425 | $2,557,214.42 | $216,365.91 | $2,340,848.51 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | Workers Compensation Guaranteed Cost | MWC31437225 | $1,450,227.39 | $122,703.74 | $1,327,523.65 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | PHYSICAL DAMAGE | MWTB31437425 | $237,087.75 | $20,059.99 | $217,027.76 |
| Travelers Property Casualty Company of America (Pr C00378) Broker Resources a Captive Resource Company (42004) (G00915) | UMBRELLA | CUP0T22755725NF | $530,347.00 | $44,872.66 | $485,474.34 |
| Scottsdale Insurance Company (71047) (C00007) AmWINS Access Insurance Services LLC (Woodland Hil (G01382) | EMPLOYERS PRACTICE LIABILTY INSURANCE | EKS3557119 | $101,865.49 | $8,618.84 | $93,246.65 |
| Steadfast Insurance Company (71253) (C00131) AmWINS Access Insurance Services LLC (Woodland Hil (G01382) | Excess Liability | SXS423237700 | $247,862.04 | $23,260.08 | $224,601.96 |
| AGCS Marine Insurance Company (71427) (C00270) Artex Risk Solutions Inc (40183) (G00339) | CARGO | MZI93081663 | $235,933.00 | $19,962.29 | $215,970.71 |
| Old Republic Insurance Company c/o Captive Resourc (C00460) Captive Resources Insurance Services Inc (40328) (G00446) | collateral | COLLATERAL | $80,871.00 | $6,860.99 | $74,010.01 |
| | | TOTALS: | $5,466,684.65 | $473,081.66 | $4,993,602.99 |

Please note any specific funding instructions: _____

_____

# EXHIBIT 2

## NOTICE OF FINANCED PREMIUM

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040176) | General Agent |
|---|---|
| Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 | Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWZY31437325<br><br>**COVERAGE:**<br>GL | 2/1/2025 | 12 | **FIN T/F:**<br>**ERN T/F:** | 9,202.56<br>7,074.00<br>9,000.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

### TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER
**THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.**

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**
1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**
1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

022

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040177)<br>Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 | General Agent<br>Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 |
|---|---|

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWTB31437425<br><br>**COVERAGE:**<br>AUTO filings | 2/1/2025 | 12 | **FIN T/F:** | 2,378,938.22<br>178,276.20 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

| BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT |
|---|
| REMARKS |

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

023

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040178) | General Agent |
|---|---|
| Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 | Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWC31437225<br><br>**COVERAGE:**<br>WCGC | 2/1/2025 | 12 | FIN T/F: | 1,403,378.78<br>46,848.61 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040179) | General Agent |
|---|---|
| Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 | Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWTB31437425<br><br>**COVERAGE:**<br>PHYSD | 2/1/2025 | 12 | 237,087.75 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**
THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**
1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**
1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

025

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040180) | General Agent |
|---|---|
| Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 | Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | COLLATERAL<br><br>**COVERAGE:**<br>COL | 2/1/2025 | 12 | **FIN T/F:** | 77,761.00<br>3,110.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent                    (00040181) | Insurance Company |
|---|---|
| Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 | Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWZY31437325<br><br>**COVERAGE:**<br>GL | 2/1/2025 | 12 | **FIN T/F:**<br>**ERN T/F:** | 9,202.56<br>7,074.00<br>9,000.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

027

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent (00040182) | Insurance Company |
|---|---|
| Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 | Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWTB31437425<br><br>**COVERAGE:**<br>AUTO filings | 2/1/2025 | 12 | 2,378,938.22<br>**FIN T/F:** 178,276.20 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

AUTHORIZED SIGNATURE                    TITLE                    DATE

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

028

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent                                    (00040183) | Insurance Company |
|---|---|
| Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 | Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWC31437225<br><br>**COVERAGE:**<br>WCGC | 2/1/2025 | 12 | FIN T/F: | 1,403,378.78<br>46,848.61 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent | (00040184) | Insurance Company |
|---|---|---|
| Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 | | Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MWTB31437425<br><br>**COVERAGE:**<br>PHYSD | 2/1/2025 | 12 | 237,087.75 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

030

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818<br><br>Refer to this number on all correspondence | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |

| General Agent                              (00040185)<br>Captive Resources Insurance Services Inc (40328)<br>1100 N Arlington Heights Rd<br>Itasca, IL 60143 | Insurance Company<br>Old Republic Insurance Company c/o Captive Resourc<br>PO Box 71669<br>Chicago, IL 60694 |
|---|---|

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | COLLATERAL<br><br>**COVERAGE:**<br>COL | 2/1/2025 | 12 | **FIN T/F:** | 77,761.00<br>3,110.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Old Republic Insurance Company c/o | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

031

## NOTICE OF FINANCED PREMIUM

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 <br><br> Refer to this number on all correspondence | **National Partners** <br> **2655 S Le Jeune Road** <br> **Suite 800** <br> **Coral Gables, FL 33134** <br> **Phone: (800) 506-8901** | 2/19/2025 |

| Insurance Company                (00040186) | General Agent |
|---|---|
| Travelers Property Casualty Company of America (Pr <br> PO Box 2953 <br> Hartford, CT 06104 | Broker Resources a Captive Resource Company (42004 <br> 1100 N. Arlington Heights Rd <br> Itasca, IL 60143 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC <br> DI Overnite Investments LLC <br> 1900 S State College Blvd <br> Ste 4 <br> Anaheim, CA 92806 | CUP0T22755725 NF <br><br> **COVERAGE:** <br> UMB | 2/1/2025 | 12 | 530,347.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Travelers Property Casualty Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**
THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.
LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**
1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**
1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

---

AUTHORIZED SIGNATURE                              TITLE                              DATE
**If there are any discrepancies, please note them, sign this document and return to us.  Thank you.**
INPUT1 - NFPV01(01/06)

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent                    (00040187) | Insurance Company |
|---|---|
| Broker Resources a Captive Resource Company (42004<br>1100 N. Arlington Heights Rd<br>Itasca, IL 60143 | Travelers Property Casualty Company of America (Pr<br>PO Box 2953<br>Hartford, CT 06104 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | CUP0T22755725<br>NF<br><br>**COVERAGE:**<br>UMB | 2/1/2025 | 12 | 530,347.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Travelers Property Casualty Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

---

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

033

| ACCOUNT NUMBER | NOTICE OF FINANCED PREMIUM | NOTICE DATE |
|---|---|---|
| 1176 - 15818<br><br>Refer to this number on all correspondence | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |

| Insurance Company                                      (00040188) | General Agent |
|---|---|
| Scottsdale Insurance Company (71047)<br>PO Box 182451<br>Columbus, OH 43218 | AmWINS Access Insurance Services LLC (Woodland Hil<br>21550 Oxnard St<br>Ste 1100<br>Woodland Hills, CA 91367 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | EKS3557119<br><br>**COVERAGE:**<br>EPLI | 2/1/2025 | 12 | **FIN T/F:** | 98,726.00<br>3,139.49 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Scottsdale Insurance Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein.  The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy.  Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium.  B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us.  Thank you.**

## NOTICE OF FINANCED PREMIUM

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 <br><br> Refer to this number on all correspondence | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |

| General Agent                    (00040189) | Insurance Company |
|---|---|
| AmWINS Access Insurance Services LLC<br>(Woodland Hil<br>21550 Oxnard St<br>Ste 1100<br>Woodland Hills, CA 91367 | Scottsdale Insurance Company (71047)<br>PO Box 182451<br>Columbus, OH 43218 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | EKS3557119<br><br>**COVERAGE:**<br>EPLI | 2/1/2025 | 12 | **FIN T/F:** | 98,726.00<br>3,139.49 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Scottsdale Insurance Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

### TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER
THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy.  Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**
1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**
1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium.  B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

| BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT |
|---|
| REMARKS |

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us.  Thank you.**

INPUT1 - NFPV01(01/06)

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent (00040190) | Insurance Company |
|---|---|
| AmWINS Access Insurance Services LLC<br>(Woodland Hil<br>21550 Oxnard St<br>Ste 1100<br>Woodland Hills, CA 91367 | Steadfast Insurance Company (71253)<br>777 S Figueroa St<br>Ste 3900<br>Irvine, CA 90017 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | SXS423237700<br><br>**COVERAGE:**<br>EXLB | 2/1/2025 | 12 | **FIN T/F:**<br>**ERN T/F:** | 237,800.00<br>7,562.04<br>2,500.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Steadfast Insurance Company (71253) | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**
1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**
1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

_____

AUTHORIZED SIGNATURE          TITLE          DATE

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

036

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company                    (00040191) | General Agent |
|---|---|
| Steadfast Insurance Company (71253)<br>777 S Figueroa St<br>Ste 3900<br>Irvine, CA 90017 | AmWINS Access Insurance Services LLC (Woodland Hil<br>21550 Oxnard St<br>Ste 1100<br>Woodland Hills, CA 91367 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM | |
|---|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | SXS423237700<br><br>**COVERAGE:**<br>EXLB | 2/1/2025 | 12 | **FIN T/F:**<br>**ERN T/F:** | 237,800.00<br>7,562.04<br>2,500.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| Steadfast Insurance Company (71253) | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

INPUT1 - NFPV01(01/06)

037

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| Insurance Company (00040192) | General Agent |
|---|---|
| AGCS Marine Insurance Company (71427)<br>800 South Figueroa St<br>Los Angeles, CA 90017 | Artex Risk Solutions Inc (40183)<br>2850 Golf Rd<br>Rolling Meadows, IL 60008 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MZI93081663<br><br>**COVERAGE:**<br>CARGO | 2/1/2025 | 12 | 235,933.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| AGCS Marine Insurance Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein. The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy. Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium. B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us. Thank you.**

**NOTICE OF FINANCED PREMIUM**

| ACCOUNT NUMBER | | NOTICE DATE |
|---|---|---|
| 1176 - 15818 | **National Partners**<br>**2655 S Le Jeune Road**<br>**Suite 800**<br>**Coral Gables, FL 33134**<br>**Phone: (800) 506-8901** | 2/19/2025 |
| Refer to this number on all correspondence | | |

| General Agent                    (00040193) | Insurance Company |
|---|---|
| Artex Risk Solutions Inc (40183)<br>2850 Golf Rd<br>Rolling Meadows, IL 60008 | AGCS Marine Insurance Company (71427)<br>800 South Figueroa St<br>Los Angeles, CA 90017 |

| INSURED | POLICY NUMBER | EFFECTIVE DATE | TERM | POLICY PREMIUM |
|---|---|---|---|---|
| DI Overnite LLC<br>DI Overnite Investments LLC<br>1900 S State College Blvd<br>Ste 4<br>Anaheim, CA 92806 | MZI93081663<br><br>**COVERAGE:**<br>CARGO | 2/1/2025 | 12 | 235,933.00 |

| INSURANCE COMPANY | AGENT | FUNDING WILL BE SENT TO |
|---|---|---|
| AGCS Marine Insurance Company | Commercial Underwriters Insurance | Commercial Underwriters Insurance |

**TO THE INSURER OR AUTHORIZED AGENT OF THE INSURER**

THIS POLICY REQUIRES NO MORE THAN 0 DAYS TO EFFECT CANCELLATION.

LENDER has entered into a contract with your insured to advance the premiums on the policy described above subject to the conditions stated herein.  The insured has assigned to LENDER any and all unearned premiums and dividends (except in Kentucky) which may become payable under the policy.  Upon default in payment of any installment, LENDER will cancel the policy in accordance with authority given LENDER by the insured to cancel on his behalf.

**LENDER MUST BE ADVISED IF ANY OF THE FOLLOWING CONDITIONS EXIST:**

1. The policy description is other than as indicated.
2. The policy is not in full force and effect, is subject to a minimum earned premium, includes a fully earned policy fee, or is auditable.
3. The policy premium is to be paid other than as indicated.
4. A general agent or any other agent than indicated should be notified.

**IN CONSIDERATION OF LENDER ADVANCING THE PREMIUM THE INSURER AGREES THAT:**

1. If the insured fails to pay LENDER and if the LENDER cancels the policy, it will pay LENDER, with or without surrender of the policy: A) On fixed premium policies - the gross pro rata unearned premium.  B) On deposit or provisional policies - the gross unearned premium irrespective of the actual premium earned by audit, report or retrospective rating, as if the premium were fixed.
2. If the policy is cancelled by the insurer or authorized agent it will pay LENDER the gross unearned premium computed in the same manner as indicated in 1A or 1B above.
3. It will pay LENDER all gross unearned premiums which may become available as a result of endorsement and dividends (except in Kentucky) which may become available under the policy.
4. It will not allow the insured to assign the policy, except for mortgagees or loss payee interest, or permit endorsement of the policy to include the named new insureds without written consent from LENDER.
5. If a loss reduces the unearned premium, LENDER will be named on the loss check or draft as an additional loss payee (except in Kentucky.)

BY SIGNING BELOW YOU WARRANT THAT RECEIPT OF THIS NOTICE IS HEREBY ACKNOWLEDGED AND YOU AGREE TO AND ACCEPT THE TERMS CONTAINED HEREIN AND YOU AGREE THAT THE POLICY DESCRIPTION IS CORRECT

REMARKS

| AUTHORIZED SIGNATURE | TITLE | DATE |
|---|---|---|

**If there are any discrepancies, please note them, sign this document and return to us.  Thank you.**

INPUT1 - NFPV01(01/06)

039

# EXHIBIT 3

# Account History Report



**NATIONAL PARTNERS**

**Filter(s):   Account Number: 15818**

**Requested by: Dana Griffis**

**Cancelled / Active**                                                                           **Thursday, August 21, 2025 5:09 PM**

## Original Loan

| | | | |
|---|---|---|---|
| Effective Date: | **2/1/2025** | APR: | **8.000** |
| No. of Installments: | 11 | Earned Broker Fee: | 0.00 |
| Installment Amount: | 505,595.76 | Financed Broker Fee: | 384,282.00 |
| Installment Retained: | 0.00 | Total Premium: | 5,850,966.65 |
| Down Retained: | 505,595.76 | Down Payment: | 505,595.76 |
| Total Retained: | 505,595.76 | Amount Financed: | 5,345,370.89 |
| Premium Discount: | 0.00 | Doc. Stamp Tax: | 0.00 |
| | | Non-Refundable Fee: | 0.00 |
| Accrued Interest: | 183,427.55 | Finance Charge: | 216,182.47 |
| Deferred Interest: | 32,754.92 | Total of Payments: | 5,561,553.36 |

## Disbursement (1 of 1)

| | | | |
|---|---|---|---|
| Payee: | **A00080 - Commercial Underwriters Insurance Agency LLC** | | |
| Amount: | 5,345,370.89 | Status: | Paid |
| Type: | Original - Original Loan | Release Date: | 3/11/2025 |
| Method: | ACH | Disbursed Date: | 3/11/2025 |
| Serial Number: | 5770 | Cleared Date: | 3/11/2025 |

| Policy Number | Insurance Carrier | Coverage | Premium |
|---|---|---|---|
| MWZY31437325 | Old Republic Insurance Company c/o | GENERAL LIABILITY | 9,202.56 |
| MWTB31437425 | Old Republic Insurance Company c/o | AUTOMOBILE with filings | 2,378,938.22 |
| MWC31437225 | Old Republic Insurance Company c/o | WORKERS COMPENSATION | 1,403,378.78 |
| MWTB31437425 | Old Republic Insurance Company c/o | PHYSICAL DAMAGE | 237,087.75 |
| CUP0T22755725NF | Travelers Property Casualty Company of | UMBRELLA | 530,347.00 |
| EKS3557119 | Scottsdale Insurance Company (71047) | EMPLOYERS PRACTICE LIABILTY | 98,726.00 |
| SXS423237700 | Steadfast Insurance Company (71253) | EXCESS LIABILITY | 237,800.00 |
| MZI93081663 | AGCS Marine Insurance Company (71427) | CARGO | 235,933.00 |
| COLLATERAL | Old Republic Insurance Company c/o | COLLATERAL | 77,761.00 |

## Installment Schedule(s)

| No. | Due Date | Summary | Adjustment | Original |
|---|---|---|---|---|
| 1 | 3/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 2 | 4/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 3 | 5/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 4 | 6/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 5 | 7/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 6 | 8/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 7 | 9/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 8 | 10/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 9 | 11/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 10 | 12/1/2025 | 505,595.76 | 0.00 | 505,595.76 |
| 11 | 1/1/2026 | 505,595.76 | 0.00 | 505,595.76 |

## Payment History (23)

| Date | Transaction Type | Amount | Payment Method Serial Number | Payment Source Additional Info. | Event/User Reason | User Name |
|---|---|---|---|---|---|---|
| | | | | | | |

040

# Account History Report


NATIONAL PARTNERS

**Filter(s):  Account Number: 15818**

**Requested by: Dana Griffis**

Cancelled / Active                                              **Thursday, August 21, 2025 5:09 PM**

| Date | Transaction Type | Amount | Payment Method Serial Number | Payment Source Additional Info. | Event/User Reason | User Name |
|------|------------------|--------|------------------------------|----------------------------------|-------------------|-----------|
| 2/27/2025 | Payment | 75,000.00 | Check 4964 | Borrower | e-Payment - Check | jasontrout |
| 2/27/2025 | Payment | 50,000.00 | Credit Card 80908863002 | Borrower | e-Payment - Credit Card | jasontrout |
| 3/3/2025 | Payment | 84,587.50 | Check 5187 | Borrower | e-Payment - Check | jasontrout |
| 3/10/2025 | Payment | 84,587.50 | Check 5639 | Borrower | e-Payment - Check | jasontrout |
| 3/11/2025 | Payment | 35,000.00 | Credit Card 80932648321 | Borrower | e-Payment - Credit Card | jasontrout |
| 3/11/2025 | Late Fee | 25,279.79 | Original | Applies to Pmt. No. 1 | Automatically Assessed | PbsSystemAcco |
| 3/13/2025 | Payment | 100,850.28 | Check 5930 | Borrower | e-Payment - Check | jasontrout |
| 3/14/2025 | Payment | 100,850.27 | Check 5996 | Borrower | e-Payment - Check | jasontrout |
| 4/8/2025 | Payment | 101,119.15 | Check 7622 | Borrower | e-Payment - Check | SPena1 |
| 4/10/2025 | Payment | 101,119.15 | Check 7782 | Borrower | e-Payment - Check | jasontrout |
| 4/11/2025 | Late Fee | 25,279.79 | Original | Applies to Pmt. No. 2 | Automatically Assessed | PbsSystemAcco |
| 4/15/2025 | Payment | 109,545.75 | Check 8134 | Borrower | e-Payment - Check | jasontrout |
| 4/16/2025 | Payment | 109,545.75 | Check 8237 | Borrower | e-Payment - Check | jasontrout |
| 4/17/2025 | Payment | 109,545.76 | Check 8290 | Borrower | e-Payment - Check | jasontrout |
| 5/2/2025 | Payment | 101,119.15 | Check 9574 | Borrower | e-Payment - Check | jasontrout |
| 5/5/2025 | Payment | 101,119.15 | Check 9694 | Borrower | e-Payment - Check | jasontrout |
| 5/11/2025 | Late Fee | 25,279.79 | Original | Applies to Pmt. No. 3 | Automatically Assessed | PbsSystemAcco |
| 5/14/2025 | Late Fee | -25,279.79 | Adjustment | Applies to Pmt. No. 1 | One-time courtesy | rpeacock |
| 5/22/2025 | Payment | 252,797.87 | Check 11392 | Borrower | e-Payment - Check | SPena1 |
| 6/11/2025 | Late Fee | 25,279.79 | Original | Applies to Pmt. No. 4 | Automatically Assessed | PbsSystemAcco |
| 6/13/2025 | Payment | 253,357.46 | Check 13751 | Borrower | e-Payment - Check | jjohnson |
| 6/23/2025 | Payment | 328,077.67 | Check 14592 | Borrower | e-Payment - Check | SPena1 |
| 7/11/2025 | Late Fee | 25,279.79 | Original | Applies to Pmt. No. 5 | Automatically Assessed | PbsSystemAcco |

DI Overnite

| Policy # | Coverage | Effective Date | Premium | Fin T/F | Ern T/F | Total | MEP | Filings | Cxcl Date | Days Policy in Fo | Exp RP as of 7/14 | Cxcl Date | Daily Burn Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MWZY31437325 | GL | 2/1/2025 | $9,202.56 | $7,074.00 | $9,000.00 | $25,276.56 | 0.00% | 0 | 7/14/2025 | 164 | | $9,007.85 | $1.19 |
| MWTB31437425 | AUTO - filings | 2/1/2025 | $2,378,938.22 | $178,276.20 | $0.00 | $2,557,214.42 | 0.00% | 30 | 7/14/2025 | 164 | | $1,205,043.51 | $7,157.89 |
| MWC31437225 | WC | 2/1/2025 | $1,403,378.78 | $46,848.61 | $0.00 | $1,450,227.39 | 0.00% | 0 | 7/14/2025 | 164 | | $802,591.60 | $3,663.34 |
| MWTB31437425 | PHYSD | 2/1/2025 | $237,087.75 | $0.00 | $0.00 | $237,087.75 | 0.00% | 0 | 7/14/2025 | 164 | | $131,210.21 | $645.59 |
| CUP0T22755725NF | UMB | 2/1/2025 | $530,347.00 | $0.00 | $0.00 | $530,347.00 | 0.00% | 0 | 7/14/2025 | 164 | | $293,507.11 | $1,444.15 |
| EKS3557119 | EPLI | 2/1/2025 | $98,726.00 | $3,139.49 | $0.00 | $101,865.49 | 25.00% | 0 | 7/14/2025 | 164 | | $56,374.87 | $258.24 |
| SXS423237700 | EXLB | 2/1/2025 | $237,800.00 | $7,562.04 | $2,500.00 | $247,862.04 | 25.00% | 0 | 7/14/2025 | 164 | | $135,789.40 | $622.02 |
| MZI93081663 | CARGO | 2/1/2025 | $235,933.00 | $0.00 | $0.00 | $235,933.00 | 0.00% | 0 | 7/14/2025 | 164 | | $130,571.14 | $642.45 |
| COLLATERAL | COL | 2/1/2025 | $77,761.00 | $3,110.00 | $0.00 | $80,871.00 | 100.00% | 0 | 7/14/2025 | 164 | | $0.00 | $474.15 |
| FIN Broker Fee | Broker Fee | 2/1/2025 | $384,282.00 | $0.00 | $0.00 | $384,282.00 | 0.00% | 0 | 7/14/2025 | 164 | | $212,671.13 | $1,046.41 |
| **TOTALS** | | | $5,593,456.31 | $246,010.34 | $11,500.00 | $5,850,966.65 | | | | | | $2,976,766.82 | $15,955.42 |

| | |
|---|---|
| PRINCIPAL BALANCE 07/14 | $3,515,317.73 |
| OOP | $538,550.91 |

| | |
|---|---|
| current acct balance | $3,564,450.11 |
| 7/14 payoff | $3,515,317.73 |
| interest refunded | $49,132.38 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1875 Century Park East, Suite 1900, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___8/22/2025___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __8/22/2025__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _8/22/2025_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 VIA PERSONAL DELIVERY
 The Honorable Scott C. Clarkson
 U.S. Bankruptcy Court
 Ronald Reagan Federal Building
 Bin by 5th floor elevators
 411 W. Fourth Street
 Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 8/22/2025 | Cheryl Caldwell | /s/ Cheryl Caldwell |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Reem J Bello** rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Shraddha Bharatia** notices@becket-lee.com
- **Anthony Bisconti** tbisconti@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com
- **Ronald K Brown** ron@rkbrownlaw.com
- **Pouya Chami** pchami@chamilaw.com
- **Kimberly Ross Clayson** kclayson@taftlaw.com,
  ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com;KKelsey-Dennis@taftlaw.com
- **Thomas E Coughlin** tcoughlin@taftlaw.com, jtravick@jaffelaw.com
- **Anne K Edwards** aedwards@sgrlaw.com
- **Gary D Fidler** gfidlerlaw@gmail.com
- **Marc C Forsythe** mforsythe@goeforlaw.com,
  mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com;ajohn
  ston@goeforlaw.com
- **Norma V. Garcia** ngarciaguillen@garciarainey.com,
  jnuzzo@garciarainey.com;geason@garciarainey.com;mjskapadia@garciarainey.com
- **Jeffrey I Golden** jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b1
  17954@notify.bestcase.com
- **Michael I. Gottfried** mgottfried@elkinskalt.com,
  lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **Lior Katz** lior@katzlaw.com
- **Weneta M.A. Kosmala (TR)** ecf.alert+Kosmala@titlexi.com,
  wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com
- **Alexandria Lattner** alattner@sheppardmullin.com, ehwalters@sheppardmullin.com
- **Garry A Masterson** BnkEcf-CA@weltman.com, gmasterson@weltman.com
- **Elissa Miller** elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Kerry A. Moynihan** kerry@kamlegal.com
- **Meghan C Murphey** meghan@themurpheylawyers.com, lorraine@themurpheylawyers.com
- **Jennifer L Nassiri** JNassiri@sheppardmullin.com, xmaurice@sheppardmullin.com
- **Dean G Rallis** drallis@hahnlawyers.com,
  jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com
- **Catherine Schlomann Robertson** crobertson@spencerfane.com, cwilkison@spencerfane.com
- **Mark S Rosen** marksrosen@aol.com, pattielegalasst@aol.com
- **Amitkumar Sharma** amit.sharma@aisinfo.com
- **Thomas E Shuck** tshuck@pmcos.com, efilings@pmcos.com
- **Rachel P Stoian** stoian.rachel@dorsey.com, stell.laura@dorsey.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Bennett G Young** byoung@jmbm.com, jb8@jmbm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 4001-1.RFS.PP.MOTION**